IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**CLAIRE ALVAREZ**, *et al.*,

      Plaintiffs,

vs.

**GEICO INSURANCE AGENCY, INC.**
*et al.*,

      Defendants.

No. 15-CV-0198-MV-SCY

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant GEICO's Motion to Dismiss Plaintiff's *Hovet* Claim or in the Alternative to Bifurcate and Stay Plaintiff's *Raskob* Claim Against Defendant GEICO [Doc. 16]. Plaintiff filed an untimely Response [Doc. 17] and Defendant GEICO replied [Doc. 18]. The Court, having considered the Motion, briefs, relevant law, and being otherwise fully informed, finds that the Defendant's Motion is well-taken and will be **GRANTED**.

### BACKGROUND

Defendant's Motion presents a relatively narrow question. Consequently, the Court will limit its factual discussion to those issues immediately germane to the disposition of this matter. Defendant GEICO General Insurance Company ("GEICO"), improperly named in the caption as "GEICO Insurance Agency, Inc.," "issued an insurance policy covering the vehicle operated by" its co-Defendant Jordyn Harpham-Gunderson "at the time of the accident" that forms the basis of the

1

instant suit.  Doc. 16 at 1.  Consequently, Plaintiffs Claire Alvarez and Michael Alvarez named GEICO as a Defendant in this case and pled, in their Second Cause of Action, that GEICO and Harpham-Gunderson "have failed to provide financial compensation" to Plaintiffs "as is required by the New Mexico Mandatory Responsible [sic] Act."  Doc. 6-1 at 49.

"With the initial belief that Plaintiffs' Second Cause of Action was a *Raskob* claim, counsel for Defendant GEICO prepared a Motion to Bifurcate and Stay."  Doc. 16 at 2.  However, after Defendant provided Plaintiffs with a draft of the Motion in order to seek their position on it, Plaintiffs' counsel "responded that he did not believe the Second Cause of Action was a *Raskob* claim and instead stated that the claim was brought due to GEICO's failure to timely settle with Plaintiffs, who are third-party claimants."  *Id*.  This statement caused Defendant to believe that the Second Cause of Action "would more accurately be couched as a *Hovet* claim," rather than a *Raskob* claim.  Defendant then filed the instant Motion, seeking a determination as to whether the Second Cause of Action presents a *Hovet* claim or a *Raskob* claim and dismissal or bifurcation, respectively, depending on the outcome of that determination.  *See id*.

## DISCUSSION

### I.  *Hovet* and *Roskob* Claims

The instant dispute is framed by two New Mexico Supreme Court cases, *Hovet* and *Raskob*.  The basic contours of these cases and their progeny is easily described.  "In *Hovet*, the NM Supreme Court held that the unfair claims practices

2

section of the Insurance Code (the TPFA) created a private right of action for victims of automobile accidents." *Williams v. Foremost Ins. Co.*, -- F. Supp. 3d --, 2015 WL 2089998, at *4 (D.N.M. May 6, 2015) (Johnson, J.).  *See also Hovet v. Allstate Ins. Co.*, 89 P.3d 69, 72 (N.M. 2004) ("we believe the Legislature intended to provide a statutory cause of action under the Insurance Code to third-party claimants."); *Jolley v. Associated Electric & Gas Ins. Services Ltd. (AEGIS)*, 237 P.3d 738, 741 (N.M. Ct. App. 2010) ("Although our precedents recognize that third-party claimants may have a private action against insurers under Article 16 in certain circumstances, that right of action has been found only where specific legislation indicated that our Legislature contemplated classes of persons to be protected under the Insurance Code.").  That is, under *Hovet*, a third-party Plaintiff may bring a claim ***directly*** against an insurer for its allegedly unfair settlement practices in instances where the liability of the tortfeasor has already been determined.  *See, e.g.*, *King v. Allstate Ins. Co.*, 159 P.3d 261, 265 (N.M. Ct. App. 2007) ("Maintaining a third-party claim against an insurer for bad-faith failure to settle a claim requires an adjudication of liability against the insured tortfeasor."); *Hovet*, 89 P.3d at 76 ("A third-party claimant's statutory cause of action against the insurer for unfair settlement practices must await the conclusion of the underlying negligence action between the claimant and the insured.").

By contrast, the New Mexico Supreme Court held in *Raskob* that third-party plaintiffs, in suits brought pursuant to New Mexico's Mandatory Financial Responsibility Act may "join a liability carrier as a party defendant in a negligence

action." *Jolley*, 237 P.3d at 742.  That is, in a *Raskob* case, a plaintiff seeks recovery from the insured pursuant to the Mandatory Financial Responsibility Act, but joins the "defendant's liability insurance company" as "a nominal party," with the understanding that any recovery will ultimately flow through the insurer.  Viewed in this way, the difference between *Hovet* and *Raskob* claims is easily understood:  a *Hovet* claim seeks direct recovery from an insurance company as a result of the insurance company's unfair practices, while a *Raskob* claim joins an insurer only insofar as the company is expected to pay for any damages attributed to the driver-defendant.

In their Response, Plaintiffs, while avoiding overt statements, indicate that they will be pursuing a *Raskob* claim.  First, they "expressly disclaim here and now any prayer for relief under the New Mexico Insurance Code" and insist that they "seek only those remedies available under the Mandatory Financial Responsibility Act." Doc. 17 ¶ 9.  Similarly, the Plaintiffs seek to contrast their case with *Hovet*, noting that there, "plaintiffs did not seek relief under the Mandatory Financial Responsibility Act opting to pursue the more generous remedy under the Insurance Code where, for example, additional attorneys' fees might be recovered."  *Id*.

Given that the cause of action in *Hovet* was predicated on the unfair practices section of the New Mexico Insurance Code and that Plaintiffs have "expressly disclaim[ed]" any claim under the Insurance Code, the Court finds that Plaintiff's Second Cause of Action is best understood as raising only a *Raskob* claim against GEICO.  This is reinforced by the fact that, despite moderate ambiguity in

4

Plaintiffs' Complaint and Response, it does not appear that they seek to bring a direct claim against GEICO for unfair claims practices. Accordingly, the Court finds that Plaintiffs' Complaint presents a *Raskob* claim and that Plaintiffs have waived any *Hovet* claim.

II. **Bifurcation under *Raskob***

The New Mexico Supreme Court has made clear that in a *Raskob* case, a "trial court ought to bifurcate the trial and otherwise prevent the jury from hearing about the presence of insurance at the first stage." *Martínez v. Reid*, 46 P.3d 1237, 1238 (N.M. 2002). *See also Little v. Gill*, 76 P.3d 639, 643 (N.M. Ct. App. 2003) (explaining that in "*Martinez*, our Supreme Court held that when a plaintiff joins an insurance company as a defendant, the considerations of Rule 11-411 NMRA 2003 require bifurcation of a jury trial to separate the issues against the insurance company from those against the tortfeasor"). Similarly, it appears from the Court's research that when bifurcating a case pursuant to *Raskob*, it is permissible for courts to also grant a stay in the litigation as it pertains to the insurer. *See, e.g.*, *Hovet v. Lujan*, 66 P.3d 980, 981 (N.M. 2003) ("The trial court denied the motion to dismiss, but granted Allstate's request for bifurcation and a stay of litigation of the claims against Allstate."). The Court will follow this practice. The Court is reinforced in its conclusion by the fact that the "the injured party [must] first recover damages from the person causing such damages before the second part of the bifurcated proceeding [can] be held," in part because the liability of the

5

tortfeasor is a necessary predicate of the suit against the insurer. *Little*, 76 P.3d at 643.

## CONCLUSION

For the reasons discussed above, the Court finds that Plaintiffs have not pled a *Hovet* claim, but rather a *Raskob* claim and that, therefore, the claim against GEICO will be bifurcated and the litigation will be stayed insofar as it pertains to GEICO.

**IT IS THEREFORE ORDERED** that Defendant GEICO's Motion to Dismiss Plaintiffs' *Hovet* Claim or in the Alternative to Bifurcate and Stay Plaintiffs' Raskob Claim Against Defendant GEICO [Doc. 16] is **GRANTED.**

Dated this 13th day of January, 2016.

_____
MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE

**A. Jonas Rane**            **Christopher P. Winters**
Turner Law Office            Allen, Shepherd, Lewis, Syra & Chapman, P.A.
Deming, New Mexico           Albuquerque, New Mexico
***Attorney for the Plaintiff***   ***Attorney for the Defendants***