IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CLAIRE ALVAREZ, *et al.*,

    Plaintiffs,

v.                                                                                          15-cv-0198 MV/SCY

GEICO INSURANCE AGENCY, INC.,
and JORDYN HARPHAM-GUNDERSON,

    Defendants.

## ORDER IMPOSING SANCTIONS

**THIS MATTER** is before the Court *sua sponte*. On November 24, 2015, the Court entered an Order setting a Settlement Conference in this matter for March 2, 2016. ECF No. 51. The Order required Plaintiffs' counsel to send a settlement demand letter to opposing counsel by February 10, 2016. *Id.* at 1-2. The Order further required Plaintiffs' counsel to submit a confidential position letter to the Court by February 22, 2016. *Id.* at 3-4. To date, Plaintiffs' counsel has failed to submit either of these letters, in direct contravention of the Court's Order and despite being on notice that the Court would impose monetary sanctions for continued non-compliance. *See* Clerk's Minutes (Feb. 25, 2016 Status Conference), ECF No. 62. Because Plaintiffs' counsel has failed to comply with the Court's Order and the Federal Rules of Civil Procedure, the Court will impose sanctions on Plaintiffs' counsel in the amount of $100 each day, commencing from February 26, 2016 until the date counsel submits the required settlement letter to opposing counsel.

**I.   Background**

As set forth in detail below, Plaintiffs' counsel has repeatedly failed to comply with the Court's Orders throughout the pendency of pretrial proceedings in this case:

1

This action was removed to this Court on March 6, 2015. ECF No. 1. At the initial scheduling conference on May 15, 2015, the Court set a telephonic status conference for July 14, 2015. ECF No. 13. Plaintiffs' counsel failed to appear for the July 14, 2015 conference, thereby leading the Court to issue its first order to show cause in this matter. ECF No. 21. Counsel responded to the order to show cause by representing that he was unable to check his calendar because his car broke down the night before the status conference, that he was no longer a solo practitioner and had joined the Turner Law Office in Deming, New Mexico, and that he had now added an email address to the CM/ECF system. ECF No. 22. Counsel further "pledge[d] to redouble his efforts at professional compliance with the Court." *Id.* After reviewing Plaintiffs' counsel's response, the Court quashed the show cause order and reset the status conference for August 13, 2015, which counsel later attended. ECF No. 24.

On August 20, 2015, Defendant Jordyn Harpham-Gunderson filed a motion to compel initial disclosures and discovery responses. ECF No. 27. After initially filing a one-page response claiming that "all documents have been provided" to Defendants (ECF No. 28), Plaintiffs' counsel admitted at a hearing on October 14, 2015 that he had not provided discovery as required. *See* Clerk's Minutes, ECF No. 38. Counsel further noted health-related issues and relocation of his practice to Deming as excuses for his non-compliance, and emphasized that his clients were not at fault for the discovery issues. *Id.* As a result of these discovery issues, the Court amended the case management deadlines previously set in its scheduling order and entered new discovery deadlines in accordance with a new 150-day discovery track that began on October 19, 2015. *See* Clerk's Minutes, ECF No. 38; ECF No. 40. The Court granted Defendant Harpham-Gunderson's motion to compel and ordered Plaintiffs' counsel to reimburse Defendant Harpham-Gunderson for the reasonable costs, including attorney's fees, incurred in filing the

motion to compel. ECF No. 39. The Court subsequently entered an order requiring Plaintiffs' counsel to pay $1,476.00 in costs in connection with the motion to compel. ECF No. 45. This payment was due November 13, 2015. *Id.*

The Court next held a telephonic status conference in this matter on November 3, 2015. ECF Nos. 41, 43. Plaintiffs' counsel again failed to appear. ECF No. 43. The status conference was rescheduled for November 17, 2015. ECF No. 44.

Plaintiffs' counsel called in for the status conference on November 17, 2015. ECF No. 47. When asked by the Court about his failure to appear at the November 3, 2015 conference, counsel stated that he was not notified of the status conference and represented that he was only receiving some notifications from the Court. *See* Clerk's Minutes, ECF No. 47. The Court reviewed counsel's contact information from the case docket which prompted Plaintiffs' counsel to acknowledge that his information was not current in the CM/ECF system. *Id.* The Court ordered Plaintiffs' counsel to update his contact details with the Clerk's Office. *Id.* In addition, the Court asked Plaintiffs' counsel whether he had paid the costs imposed by the Court. Counsel represented that he signed the check the day before – November 16, 2015 – and he thought it was placed in the mail that day. *Id.* Defense counsel stated that he had not yet received the check. *Id.*

On November 24, 2015, defense counsel notified the Court that he received a check from Plaintiffs' counsel for the costs. ECF No. 48. Defense counsel also alerted the Court that the check had not been mailed until the day before - November 23, 2015. *Id.*

Approximately one month later, defense counsel filed a motion for an order to show cause because the check sent by Plaintiffs' counsel was returned unpaid with a "refer to maker" notation. ECF No. 52. Defense counsel represented in his motion that he made efforts to contact Plaintiffs' counsel to ask why the check was returned unpaid, but received no response. *Id.* The

Court set a show cause hearing for January 12, 2016. ECF No. 53. Shortly before 5:00 p.m. on January 11, 2016, a motion for a continuance of the show cause hearing was faxed to my chambers on behalf of Plaintiffs' counsel by Robert F. Turner. ECF No. 54. The basis for seeking the continuance was that Plaintiffs' counsel had not received notice of the show cause hearing until January 11, 2016. The Court denied the motion for a continuance. ECF No. 55.

At the show cause hearing, the Court outlined the history of the case and gave Plaintiffs' counsel an opportunity to address his non-compliance with the Court's orders as well as the Court's concern that Plaintiffs' counsel's actions exhibited a lack of candor to the Court. *See* Clerk's Minutes, ECF No. 57. The Court took under advisement Plaintiffs' counsel's statements at the hearing. *Id.* With regard to the returned check, Plaintiffs' counsel represented, and defense counsel confirmed, that a certified check for the costs had now been provided to defense counsel. *Id.* As for the motion for continuance which the Court had already denied, Plaintiffs' counsel represented that he had not approved the filing of the motion by Robert Turner, and that he had known of the show cause hearing prior to January 11, 2016. *Id.* Defense counsel also addressed the Court, indicating that (1) he has spent a considerable amount of his client's time on issues surrounding Plaintiffs' counsel's failure to comply with the Court's orders, (2) Plaintiffs' counsel has a history of not responding to defense counsel's attempts to reach him, and (3) Plaintiffs' clients failed to appear for their depositions the week before the show cause hearing. *Id.* At the conclusion of the show cause hearing, the Court denied Defendant's motion for an order to show cause as moot because Plaintiffs' counsel had already provided a certified check from his banking institution to defense counsel. *Id.*; ECF No. 58.

I now turn to the events underlying the Court's decision to impose sanctions: As stated earlier, the Court's order setting the settlement conference specifically asked Plaintiffs' counsel to do the following:

1) **No later than February 10, 2016**:

    "Plaintiff(s)' counsel shall serve on Defense counsel a letter that sets forth at least the following information: (a) a brief summary of the evidence and legal principles that Plaintiff(s) assert will allow it to establish liability; (b) a brief explanation of why damages or other relief would appropriately be granted at trial; (c) an itemization of any claimed special damages – i.e., damages for pecuniary losses, such as past medical expenses, lost wages, or property damages – that states the exact dollar amount Plaintiff(s) are claiming for each category; and (d) a settlement demand. At the same time, counsel also must provide the Court a copy of this letter.

2) **No later than February 22, 2016**:

    "[E]ach party must provide me, in confidence, a concise letter (typically no more than 10 pages) that shall contain a brief summary of the facts; analysis of the applicable law, including evidentiary issues; strengths of the case; weaknesses of the case; status of discovery; identification of any pending motions; an outline or itemization of damages or relief requested; status of settlement negotiations to date; and the names of the individuals who will be attending the conference and in what capacity."

ECF No. 51. To date, Plaintiffs' counsel has failed to submit these letters. The Court held a telephonic status conference last week on Thursday, February 25, 2016, to address counsel's non-compliance with the Court's Order setting the settlement conference.[1] Plaintiffs' counsel

---

[1] Prior to the status conference, my chambers attempted to contact Plaintiffs' counsel at the Turner Law Office, only to be informed that counsel is no longer associated with that office and that they have no

5

called in for the status conference and stated that he had no excuse for his failure to comply with the Court's Order. ECF No. 62. The Court ordered Plaintiffs' counsel to send a position letter to opposing counsel that same day. *Id.* The Court further notified Plaintiffs' counsel that if counsel failed to submit the letter to opposing counsel on February 25, it would sanction counsel $100 per day until the letter is submitted. *Id.* In addition, the Court gave Plaintiffs' counsel until Monday, February 29, 2016, to submit the confidential letter to the Court. *Id.* During the status conference, Plaintiffs' counsel also represented that he would update his contact information that day with the Clerk's Office. *Id.* It does not appear from a review of the case docket today that Plaintiffs' counsel has done so.

## II. Analysis

The Local Rules for the District of New Mexico provide that "[i]n every civil case the parties must participate in a settlement conference with a Judge unless otherwise ordered by the Court." D.N.M.LR-Civ. 16.2(a). Rule 16 of the Federal Rules of Civil Procedure provides the Court with authority to order parties to participate in a pretrial conference for the purpose of "expediting disposition of the action" and "facilitating settlement." Fed. R. Civ. P. 16(a). Rule 16 authorizes the issuance of sanctions where a party or its attorney "is substantially unprepared to participate—or does not participate in good faith—in the conference" or "fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1).

Plaintiffs' counsel has failed to comply with the requirements set forth in the Court's Order setting the settlement conference. Counsel's non-compliance led to defense counsel being forced to submit settlement letters without the benefit of knowing Plaintiffs' position. The settlement process involves input from both parties and Plaintiffs' refusal to obey the Court's

---

forwarding contact information for counsel. My staff also attempted to reach Plaintiffs' counsel at the phone number and email address for Plaintiffs' counsel that defense counsel provided in his settlement letters. Plaintiffs' counsel failed to respond to the voicemail message or email sent by my chambers.

scheduling order has impaired this process and indicates that Plaintiffs are, thus far, substantially unprepared to participate in the conference scheduled to take place this week on March 2, 2016. Although Plaintiffs' counsel has provided a settlement demand over the phone to defense counsel, doing so does not excuse counsel from complying with the Court's order that the parties exchange written settlement letters.

At the status conference, the Court warned Plaintiffs' counsel that failure to submit the settlement demand letter to opposing counsel on February 25 would result in the sanction that the Court is imposing today. Despite his assurances at the status conference on February 25, Plaintiffs' counsel has not yet submitted a written demand letter to opposing counsel or updated his contact information with the Clerk's office.

**IT IS THEREFORE ORDERED** that:

(1) Plaintiffs' counsel is to pay $100 per day to the Clerk of the Court, commencing from February 26, 2016 until the earlier of March 2, 2016, inclusive, or the date Plaintiffs' counsel sends the written settlement letter to opposing counsel.

(2) Plaintiffs' counsel is directed to provide a copy of the letter to my chambers via facsimile (348-2275) or an email to my proposed text account (scyproposedtext@nmcourt.fed.us).

**IT IS SO ORDERED.**

_____
UNITED STATES MAGISTRATE JUDGE